FORM TO BE USED BY A PRISONER FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. §1983

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Gerald D. Fuller, 150973
NBCI - 14100 Mc Mollen Hwy S.W.
Cumberland, Md. 21502
                                Plaintiff

(Full name, prison identification
number and address of the plaintiff)

v.                               Civil Action No. WMN-14-1474
                                 (Leave blank on initial filing to be filled in by Court.)

Bobby Sheanin, Warden
NBCI - 14100 McMollen Hwy S.W.
Cumberland, Md 21802
*See Attached Pages for other Defendants

(Full name and address of the defendant(s))

RECEIVED PRO SE

COMPLAINT

I.  **Previous lawsuits**

    A.  Have you filed other cases in state or federal court dealing with the same facts as in this case or against the same defendants?

        YES ☐    NO ☒

    B.  If you answered YES, describe that case(s) in the spaces below.

        1.  Parties to the other case(s):

            Plaintiff: _____

            Defendant(s): _____

2. Court (if a federal court name the district; if a state court name the city or county): _____

3. Case No.: _____

4. Date filed: _____

5. Name of judge that handled the case: _____

6. Disposition (won, dismissed, still pending, on appeal): _____

_____

7. Date of disposition: _____

II. Administrative proceedings

A. If you are a prisoner, did you file a grievance as required by the prison's administrative remedy procedures?

YES ☒   NO ☐

1. If you answered YES:  see attached Page 6

    a. What was the result? _____

    _____

    b. Did you appeal?  See attached Pages

    YES ☒   NO ☐

2. If you answered NO to either of the questions above, explain why: _____

_____

III. **Statement of claim**
(Briefly state the facts of your case. Include dates, times, and places. Describe what each defendant did or how he/she is involved. If you are making a number of related claims, number and explain each claim in a separate paragraph.)

See attached Pages

IV. **Relief**
(State briefly what you want the Court to do for you.)

See Attached Pages

SIGNED THIS 22nd day of April 2014

_____
(original signature of plaintiff)

NBCI - 14100 McMullen Hwy SW
Cumberland, MD 21502

_____
(address of plaintiff)

## Attached Page for Defendants Continued

Lt. Robert Manuel
Sgt. Randall Rase
Other Additional Unknown CO IIs
Sgt. Wedlock
Unknown Female CO II
North Branch Correctional Institution
14100 McMullen Highway S.W.
Cumberland, Md. 21502

## Attached Page for Section II.

### §II.A.1.  Administrative Proceedings

This case involves three closely related incidents. Plaintiff was required to exhaust each incident separately. A brief statement is offered solely to clarify the sequence and relationship

Thirty (30) days after being released from segregation, Plaintiff was subjected to racial slurs, profiling and treatment. Along with a segregation. He was given a infraction alledging the most serious rule violation. His attorney in a criminal matter travelled from the Eastern Shore to visit him on a prearranged visit. When she arrived Adjustment staff elected to bring him up for the Adjustment hearing when Plaintiff refused to attend the hearing because he had an attorney visit, staff refused to allow Plaintiff to see his lawyer unless he first plead guilty to all the rules and accepted a new segregation sentence. Plaintiff appealed the Adjustment, but was denied all due process, including being denied a grievance hearing and Judicial Review hearing.

Plaintiff has exhausted internal Administrative Remedies within the Division of Correction.

1. ARP-NBCI-1898-12/IGO No. 20121937; In Re Gerald Fuller, Case No. 13-C-13--096066, Cir. Ct. Howard County;

2. ARP-NBCI-2152-12/IGO Case. 20122116; In Re Gerald Fuller, Case No. 01-C-12-038202 Cir. Ct. Allegany County; In Re Gerald Fuller, Case No. 13-C-14-097918, Cir. Ct. Howard County

3. IGO No.20121971/ Fuller v. Secretary, Case No. 01-C-12-038023, Cir Ct. Allegany County.

**ATTACHED PAGE No. 1**

## Section III. Statement Of Claims

On July 11, 2012, 30 days after Plaintiff completed serving a 365 day segregation sentence, an all white NBCI guard Staff, led by Lt. Manuel, at approximately 0440 hours were stopping prisoners coming out of the dining room. The white prisoners that were stopped were searched and permitted to return to their housing unit. The Black prisoners were placed on the fence to be searched after the chow line was completed.

The Plaintiff upon exiting the chow hall and committed to returning to his housing unit, was called a shine and told to return to the unseen voice which turned out to be a Lt. Manuel. When Plaintiff was asked what had he done, he was roughly handcuffed. When Plaintiff complained that he had frontcuff orders and walked with a cane he was dragged/carried to segregation. Once there he was surrounded by white officers under video survaillence, told to strip and to bend over at the waist and hold his *anus rectum* open under threat of violent force. The white guards took turns shinning a light up his rectum while making comments  The entire incident was recorded on the NBCI survailence system, which is both audio and video. Both in front of the Chow hall and during the search. Plaintiff was segregated, charged with violating Rule 100, 312 and 400 and all of his property pepper sprayed by unknown staff members.

On or about July 24, 2012, Plaintiff's Attorney Jennifer M. Bushman, whom was representing Plaintiff in a Criminal case, having made a prearranged appointment to visit Plaintiff, arrived at NBCI in Cumberland Maryland from Somerset County Maryland a distance of approximately 600 miles. After waiting for a very long time, she was told that there was a disturbance in the housing unit and that she would not be able to visit the Plaintaiff. She was not told that the disturbance was Plaintiff's refusal to go to an adjustment hearing rather than visiting with her.

Also on July 24, 2012, once the Plaintiff was convinced that staff was not going to allow Plaintiff to meet with his attorney unless he first went to the Adjustment hearing and that staff was prepared to extract Plaintiff from the cell, Plaintiff relented. Under the supervision of Sgt. Wedlock and a unknown female, Plaintiff was compelled to plead guilty to all the adjustment Rule violations in exchange for a visit with his attorney whom unknown to him had already left.

Plaintiff having requested the video tapes for the hearing, immediately Appealed the compelled guilty Plea to the Warden who denied the appeal and added additional sanctions. Plaintiff then appealed to the Inmate Grievance Office. Lt. Manuel essentially alleged that when Plaintiff held

out his hands to be cuffed with the cane in Plaintiff's hands, while asking what had he done, consitituted a rebellousact. Plaintiff asked for the video and audio tapes of the entire incident including his strip search. No contraband was taken from Plaintiff. Plaintiff Appealed to ScottOakly of the Inmate Grievance Office, who dismissed the Appeal. He then Appealed to the Circuit Court for Allegany County, who dismissed the Judicial review, where thoug Plaintiff did file a memoranda, dismissed the case for failing to file a Memoranda.

Plaintiff believes that he was denied First, Fifth, Sixth and Fourteenth Amendment Rights to Visit with Counsel in a Criminal matter, the Equal Protection of the law, from being compelled to plead guilty at an adjustment hearing that would have a devestating impact on his ability to be released from imprisonment, Right to visit with and consult with counsel, Due Process of the law and Procedural Due Process of the Division Of Correction regulations governing attorney visits, adjustment hearings, preservation of evidence.

Plaintiff also believes that he was denied his 1st, 5th, 6th and 14th Amendment United States Constitution Rights to visit uncensored with Counsel in a Criminal Matter.

As well Plaintiff believes that he was denied his 5th and 14th Amendment United States Constitutional Rights to a fair and impartial Adjustment process and to earn diminution credits to reduce the amount of time he would serve behind prison walls.

And also, Plaintiff believes that he was subject to racial discrimination and abuse solely because of the color of his skin by white people, when he was singled out for special treatment and segregation, lied on, violently handcuffed in contravention to a medical order, dragged to segregation and subjected to sexual abuse, gradification, humiliation and exploitation, by white males (unknown), who took turns and whom got enjoyment and sexual pleasure from shinning a light up Plaintiff's rectum under threat of violent force.

Plaintiff believes that pursuant to Maryland statutory and regulatory law, while incarcerated prisoners have the right to visit uncensored with his attorney in criminal matters and have the regulatory right to fair and impartial adjustment hearing, C.O.M.A.R 12.02.27.01-33.(2011) Also prisoners have a regulatory right to a fair and impartial Administrative Procedure under DOC.185.0001 - 0004. Prisoners in Maryland also have anti discrimination and other rights as designated by the Commissioner in DOC.200.0001V. In addition the behavior or the staff is regulated by DOC.050.0002II. Prisoners are also entitled to earn diminution credits to

**ATTACHED PAGE No. 3**

reduce his or her sentence. *Frost v. State*, 336 Md. 125, 128, 647 A.2d 106, 107 (1994).

## Section IV.   Relief

Plaintiff would MOVE the Court to grant the following relief;

1. Grant a Declaratory Judgment Holding that the Division of Correction NBCI denied Plaintiff his 1st, 5th, 6th and 14th Amendment Rights to visit with his Attorney in a criminal matter.

2. Grant a Declaratory Judgment Holding that Plaintiff was denied all due process when he was compelled to plead guilty to serious rule violation at an adjustment hearing in order to visit with his attorney in a pending criminal matter, including the right to Appeal the compelled Plea.

3. Grant a Declaratory Judgment Holding that Plaintiff was racially and sexually humiliated and abused by staff in violation of DOC.050.0002 and DOC.200.0001.

4. Grant a Declaratory Judgment Holding that Plaintiff was subjected to disparate treatment solely on the account of his race.

5. Order that the Adjustment decision be vacated and stricken from Plaintiff's record, that Plaintiff's diminition credits be restored, Visits be restored.

6. That Plaintiff be Granted a Habeas Corpus release pursuant to the dictates of Unger v. State, and Daughtry v. State, upon an adequate showing of entitlement.

7. That Plaintiff be Granted $2,500,000.00, in pain and suffering.

8. That Plaintiff be Granted $2,500,000.00, for the violation of his rights under the U.S. Constitution, regulatory law of the Division of Correction and statutory law. of the State Of Maryland.

9. Grant anyother appropriate Relief the Court may deem Plaintiff is entitled to, that may include an order requiring the desegregation of the Division of Correction employees and staff.

10. Plaintiff also request that the Court appoint Counsel. Plaintiff believes that he may be in the early stages of some form of Dementia.

ATTACHED PAGE No. 4

Respectfully Submitted

Gerald D. Fuller, pro Se

I, Gerald D. Fuller, hereby certify that the contents of the foregoing Petition is true to the best of my personal knwledge.

April 22, 2014

Gerald D. Fuller

I, Gerald D. Fuller hereby certifies that a copy of the foregoing complaint was mailed Post Paid to the United States District Court at Baltimore, 101 W. Lombard Street, Baltimore, Md. 21201 on this the 22nd day of April 2014, by depositing it in the U.S. mail system as provided by North Branch Corectional Institution.

Gerald D. Fuller

**ATTACHED PAGE No. 5**